**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | | |
|---|---|---|
| **American Ordnance LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 08-238C** |
| | ) | **(Judge Wheeler)** |
| **The United States,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF AMERICAN ORDNANCE LLC'S**
**MOTION FOR CLARIFICATION OF SCHEDULE OR,**
**IN THE ALTERNATIVE, BIFURCATION OF PROTEST ISSUES**

This Protest is being heard under RCFC 40.2 as a case that is directly related to a claim case that is pending before Judge Wheeler, Case No. 07-0867C. The protest and claim case involve the same parties, contracts and some of the same, or similar, issues. The issue in the claim case forms the basis for Plaintiff's second ground of protest, although the protest issue involves application of a legal standard and some considerations that differ from those applicable to the claim case. The fundamental issue the Court must decide in the claim case is whether or not Plaintiff, or the Government, owns certain equipment in the Iowa Army Ammunition Plant ("IAAAP") used to manufacture products on a production line called "Line 3A." Plaintiff's second ground of protest asserts that it was unreasonable for the Government to proceed with the competition under Solicitation No. W52P1J-06-R-0201, given the material uncertainty

regarding the ownership of the Line 3A equipment, which must be used or replaced to perform substantial portions of work under the production contract to be awarded pursuant to the competition.

The Court held a scheduling conference for the claim case on April 4, 2008, and a scheduling conference for the protest on April 8, 2008 (Attachment 1 hereto contains excerpts from Transcripts of April 4 and April 8 conferences).[1] In the first conference, the parties and Court discussed the need to establish a schedule that would allow the Court to issue its decision in the claim case (regarding the ownership of the Line 3A equipment) prior to the anticipated date for award of the contract(s) to be awarded under the competition, which the Government represents to be September 30, 2008. The schedule was crafted to meet the objective of placing the Court in the position of rendering a decision regarding the ownership of the Line 3A equipment, in sufficient time to allow the parties to address, prior to award, a Court ruling that the Plaintiff owns the Line 3A equipment. April 4 Tr. at 21 (*see* Att. 1). Accordingly, the Court's April 4, 2008 schedule for the claim case provides for completion of discovery by June 6, 2008, submission of dispositive motions by June 30, 2008, and trial on August 12-15, 2008. April 4 Tr. at 28-29 (*see* Att. 1). Plaintiff had understood that the reason the schedule was crafted as it was to provide for an August trial was to place the Court in position to rule on the Line 3A equipment ownership in sufficient time to consider and rule on Plaintiff's second ground of protest, which is based in part on the equipment ownership issue, prior to the award of the contracts in question on September 30, 2008. April 4 Tr. at 16, 21, 29 (*see* Att. 1).

---

[1] The transcripts are not attached here out of abundance of caution for protected material. We understand the Court and Department of Justice have copies of these transcripts.

Plaintiff proceeded in the April 8 protest scheduling conference on the understanding that the schedule for determining the Line 3A equipment ownership issue had been set by the Court's April 4 order and conference. April 8 Tr. at 3-4 (*see* Att. 1). Plaintiff had understood that its second ground of protest related to the ownership issue would be decided on that schedule as well. Plaintiff respectfully requests that its second ground of protest be decided when the Line 3A ownership issue is decided in September.

Comments from the Court near the conclusion of the April 8 protest scheduling conference indicate that the Court may decide the Line 3A equipment ownership issue according to the schedule established for the first ground of protest (with a hearing date of June 26). April 8 Tr. at 17, 19 (*see* Att. 1; Attachment 2 hereto is the Court's April 8, 2008 Scheduling Order for the Protest). If the Court does decide the Line 3A equipment ownership issue under the protest schedule, it will have mooted the carefully crafted schedule it established for the claim case under which ownership of the Line 3A equipment is the only issue. The Court specifically declined in the April 4 conference to consolidate the claim case and the protest; and yet the Court's April 8 scheduling conference appears to do that – consolidate the claim case into the protest under the protest schedule.

We request that the Court harmonize the two schedules. Specifically, we request that the Court confirm that the schedule set out in its April 4 scheduling order for the claims case (Case No. 07-867C) remains valid and applies to Plaintiff's first ground of protest, and that the Court's ruling on Plaintiff's second ground of protest, which involves the issue to be decided in the claim case, be deferred until the Court renders its decision in the claim case regarding the ownership of the Line 3A equipment.

The discussion in the April 4 scheduling conference for the claim case and the Court's scheduling order that followed reflect the need the parties and Court discussed to develop and introduce evidence that is not yet in the record for either the claim case or the protest. The evidence is highly relevant to the Court's ability to render an informed decision regarding the ownership of the Line 3A equipment. We attach a representative list of issues that Plaintiff expects to develop through the expedited discovery that has been ordered in the claim case (to be completed by June 6, 2008) (Attachment 3 hereto). The evidence to be developed is obviously not in the Agency Record the Government is scheduled to file in the protest this Friday, April 18, and which the Court will consider under the protest schedule established pursuant to the April 8 scheduling conference and order. Nor will it be developed prior to the date Plaintiff is scheduled to file its Motion for Judgment on the Administrative Record on May 9, 2008. Discovery has not even started in the claim case that will determine the ownership issue.

Were the Court to moot the schedule it established for the claim case in its April 8, 2008 scheduling order by accelerating the resolution of the claim case in the protest schedule, Plaintiff would be significantly prejudiced. Plaintiff would be forced to present its Line 3A equipment ownership case without significant quantities of relevant evidence. The prejudice might not be limited to the Plaintiff. The Court would be deciding the ownership issue on an incomplete record, which could prejudice either party. In addition, we know the Court is mindful of the different legal standards that apply to the claim case (preponderance of evidence) and the protest (arbitrary and capricious, no rational basis). However, there is a risk that the ruling on the Line 3A equipment

ownership issue could be made based on an incomplete record under the protest, or a hybrid legal standard rather than a preponderance of evidence standard.

Perhaps most relevant is that there appears to be no need to further accelerate the schedule for the claim case to which the parties and Court agreed in the April 4 conference and no prejudice to the Government from adhering to that schedule. The parties and Court specifically discussed the need to develop a schedule for the claim case that would allow the Court to issue a decision prior to the Government's award of the contracts in question (prior to September 30, 2008). April 4 Tr. at 8, 12-13, 16, 21, 28-29 (*See* Att. 1). This ruling would come in time for the Court to consider Plaintiff's second ground of protest with the benefit of a ruling on the Line 3A equipment ownership that is based on the most fully developed record that can be established under the expedited schedule for the claim case leading to an August trial.

Accordingly, Plaintiff respectfully requests that the Court confirm that the schedule it set out in its April 4, 2008 scheduling order for Case No. 07-867C remains applicable for the claim case, and that the Court confirm that it will rule on Plaintiff's second ground of protest, involving in part the issue to be decided in the claim case, when it issues its decision in the claim case, but in any case prior to September 30, 2008. We believe the Court could achieve this objective by issuing clarification to the scheduling orders in one or both of the pending matters, or by treating this filing as a Motion to Bifurcate Plaintiff's Protest Issues to allow the two issues to proceed on the different schedules discussed herein.

We request a conference at the Court's earliest convenience this week to discuss and resolve these requests, unless the Court is prepared to grant them without further

discussion. We also request permission to include Plaintiff's counsel in the claims case, Mr. Masiello, as a party to the conference.

Respectfully submitted,

Dated: April 14, 2008

/s/ Stuart B. Nibley
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 420-3701
Protected Fax: (202) 822-9544
Email: nibleys@dicksteinshapiro.com

Attorney of Record for Plaintiff,
American Ordnance LLC

Of Counsel:

Michael J. Askew
Telephone: (202) 420-3513
Email: askewm@dicksteinshapiro.com

Joseph R. Berger
Telephone: (202) 420-3673
Email: bergerj@dicksteinshapiro.com

DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006