# EXHIBIT 1

Excerpts from Transcripts for Hearings of April 4 and April 8, 2008

Transcript from 4 April 2008 (07-867C):

MR. NIBLEY: The second ground of protest is that it was unreasonable for the agency to decide to proceed given the uncertainties about the ownership, and since there are major portions of the work to be done, and as Mr. Masiello said, that if it is subsequently decided after there is an award that that was a wrong assumption, then there was a meaningless competition, meaningless analysis. And so what we were hoping for was that there would be a synching of the schedules that would allow if possible your decision on that before the award occurred. So that's part of the reason that I'm here today. (Page 8, 17-25 through page 9, 1-3).

THE COURT: Well, it seems to me that the title ownership issue is really a threshold and maybe even an overriding issue in both cases. It seems to me that the bid protest rises or falls on the issue of who owns the equipment. (Page 9, 4-8).

MR. NIBLEY: It is the second ground of protest that is related to the line 3A equipment, the Claims case, that would seem to make more sense to have the decision in that case made prior to deciding the protest ground on that issue. But it may be possible that as the protest on the first ground proceeds, the Court or the parties may have a better sense of where the overall protest is. (Page 12, 25 through page 13, 1-7).

MR. NIBLEY: We would like and feel that all these issues should be resolved prior to the award, including the line 3A ownership, and that's why we think while consolidation may not be appropriate and is not appropriate for the reasons stated, certainly the close synching of the schedules to the extent possible is important to try to get them done, all done prior to the award date. (Page 16, 1-8).

THE COURT: Well, that makes it kind of tight if we're looking at getting a decision by September 30. I agree with you that the need for a hearing may not be there, but it may be advisable to get it on the schedule. (Page 21, 9-13).

THE COURT: June 6, 2008, is the date by which all discovery shall be completed. And June 30, 2008, is the date for the filing, the last day to file any dispositive motions. And then the trial dates here in Washington will be August 12 through 15, 2008. (Page 28, 23-25 through page 29, 1-4).

Transcript from 8 April 2008 (08-238C):

THE COURT: Mr. Nibley, do you have any views about the schedule in this case?

MR. NIBLEY: Somewhat, Your Honor. Thank you very much. Obviously as we discussed in the scheduling call for the Claims case on what we call the Line 3A case, there are two different issues. I don't think it would necessarily affect what happens here the way you outlined it, but I think we should take cognizance of this, that that one Claims issue you've already established the schedule for. But I think that how that particular issue, in other words, the ownership of the equipment, was dealt with in the context of this procurement will be in the administrative record. So it may be that we'll need to look further into the scheduling on that issue which we call the second issue as opposed to the first issue, which is a different ground of protest. (Page 3, 17-25 through page 4, 1-8).

THE COURT: Well, let me speak further to that. If the ownership of equipment issue is part of your protest, it should be addressed in the course of the protest. I mean, that's one of the grounds you have asserted. And if that issue can be decided in the course of the protest, I think that's what we'll do. (Page 24, 24-25 through page 25, 1-5).

THE COURT: My approach to this, which represents today's viewpoint and not necessarily next week's, is that I will attempt to decide that issue as part of the protest, because it seems to be one of the two grounds of protest raised. I'm not sure how we can deal with the protest grounds adequately without deciding the ownership of equipment issue. And if that proves to be correct and if this decision precedes the contract claim, I think that will probably dispose of the next case as well, but we'll see. You can tell me if you think I'm wrong or if I'm missing something. (Page 17, 12-23).

THE COURT: Yes. I mean, there are of course different standards of review in a bid protest versus a contract claim, but I'm not sure on an issue like this whether those differences really matter a lot. It seems to me we have an issue of equipment ownership to decide. (Page 18, 5-10).

THE COURT: Well, and it may depend as well on whether the administrative record contains sufficient documentation to enable the Court to issue a decision on the ownership question. I imagine we'll get the documents that support the government's view on why they think they own the equipment, but there could be another side to that. I don't know. (Page 19, 14-20).