**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | | |
|---|---|---|
| AMERICAN ORDNANCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-238C |
| v. | ) | (Judge Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION OF SCHEDULE OR, IN THE ALTERNATIVE, BIFURCATION OF PROTEST ISSUES**

In accordance with the Court's order entered on April 16, 2008, defendant, the United States, provides its response to plaintiff's motion for clarification of the schedule, or, in the alternative, bifurcation of protest issues.

Plaintiff, American Ordnance ("AO") has filed two actions in this Court: a declaratory judgment action, Case No. 07-867C, and the above-captioned bid protest. In the declaratory judgment action, plaintiff seeks a judicial determination of whether it or the Government, is the legal titleholder to certain equipment known as "Line 3A" equipment located at the Iowa Army Ammunition Plant ("IAAAP"). In the bid protest, plaintiff challenges a current solicitation for proposals for a contract to be awarded for operations and maintenance of Milan Army Ammunition Plant and IAAAP which will include the disputed Line 3A at IAAAP.

The question of title is not explicitly presented by the allegations made in support of Count II of the bid protest complaint. Deciding the bid protest does not require that the Court decide ownership of Line 3A. Count II states that the Government's decision to proceed with the solicitation without taking into account the purported uncertainty of the Line 3A equipment

ownership was arbitrary, capricious, and lacked a rational basis. The prayer for relief requests an injunction prohibiting the agency from proceeding "until it has reflected the uncertain ownership of the Line 3A equipment...or until it reflects AO's ownership. . . ." The Court could decide that the agency's decision to proceed was not arbitrary and capricious and deny AO's request to enjoin the Government from proceeding without deciding the issue of title. The Court could decide that the agency merely is stating that it will supply Line 3A equipment to the ultimate successful offeror, regardless of whether that is the equipment that is currently there or whether the Government will supply a new Line 3A. The Court could, then, rule on that basis, and on the basis that it is rational for the agency to believe it had ownership, and that, therefore, the decision to proceed with the solicitation was not arbitrary and capricious. The Court does not need to decide ultimate ownership to determine that the agency's decision was not arbitrary or capricious or that the ultimate ownership decision will not affect the solicitation.

The decision on Line 3A ownership should not have any effect on the solicitation. If the Court were to rule that AO owns the equipment, the Government would then be obligated to provide a Line 3A to the successful offeror by providing equipment other than the equipment that is currently there or by purchasing the equipment that is currently there from AO.

Plaintiff's Attachment 3 to its motion concerning evidence to be developed in the Line 3A case does not set forth anything that is not already in evidence either as attachments to the pleadings or as matters referenced in the contracting officer's final decision or included as attachments to the agency's report file submitted in support of the Line 3A case. Attachment 3 does not set forth any matters that AO did not reference and include as attachments in support of its request for a final decision in 2007. In other words, AO already has the essential documents

for the matters it sets forth in Attachment 3. For these reasons, we believe that the scheduling for the above-captioned bid protest should remain in place, with oral arguments to be heard on June 26, 2008.

Alternatively, if the Court does not agree with maintaining the scheduling order in the bid protest action, then the bid protest should be bifurcated to keep Count I on the schedule to be heard on June 26th. A ruling on this Count adverse to the Government would be costly and cause a significant delay to the solicitation process. It should be heard as soon as possible. On Page 3 of Plaintiff's Motion, in the last paragraph, second sentence, it is stated "Specifically, we request that the Court confirm that the schedule set out in its April 4 scheduling order for the claims case (Case No. 07-867C) remains valid and applies to Plaintiff's first ground of protest..." The first ground of protest is the cost information release issue. There is no valid reason to delay the scheduling of this issue, and delay would cause great prejudice to the Government and to the offerors in terms of cost and time. Both sides will have incurred costs in the several thousands of dollars, and hundreds, and probably thousands, of hours of time in total in working on this solicitation needlessly if the decision is adverse to the Government. Count I has no relationship to Count II, and there is no reason to delay that schedule.

Contrary to plaintiff's assertions, the Court did not represent that the declaratory judgment schedule would be the same as the bid protest schedule. Rather, the Court clearly stated that the scheduling conference held on April 4, 2008, was to set the schedule for the declaratory judgment case only. Moreover, at the April 8, 2008 scheduling conference for the bid protest case, the Court was clear that if it felt there was a possibility that the ownership issue could be decided on the record, then it would do so. In the interest of economy of judicial and

Government resources, we believe that if the Court can and should resolve the entire case on the administrative record. That would be preferable to bifurcating and, thereby, delaying resolution of the issues in the bid protest action.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Civil Division,
National Courts Section
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-0041 (Phone)
(202) 514-8624 (Facsimile)

April 23, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on the 23rd day of April, 2008, a copy of the foregoing "NOTICE OF FILING" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joan M. Stentiford