# In the United States Court of Federal Claims

No. 08-238C

(Filed: June 2, 2008)

```
*****************************************  *
                                           *
AMERICAN ORDNANCE LLC,                     *
                                           *
                  Plaintiff,               *
                                           *
 v.                                        *
                                           *
THE UNITED STATES,                         *
                                           *
                  Defendant,               *
                                           *
and                                        *
                                           *
BAE SYSTEMS ORDNANCE SYSTEMS INC.,         *
                                           *
                  Defendant-Intervenor.    *
                                           *
*****************************************  *
```

## **REMAND AND RECORD SUPPLEMENTATION ORDER**

In this pre-award bid protest, American Ordnance LLC ("AO") challenges the actions of the Department of the Army ("Army") in proceeding with Solicitation No. W52P1J06-R-0201, RFP No. W52P1J07-R-0124. According to the allegations in the Complaint, the Army improperly disclosed AO's proprietary cost data on an Army website that was accessible by other potential bidders on the Solicitation. AO contests the Army's decision to proceed with the procurement after it became aware of the improper disclosure.

On April 18, 2008, Defendant filed the Administrative Record, and on May 7, 2008, AO filed a Motion to Supplement. AO seeks to supplement the record with three documents:

(1) An expert report with attachments opining how the improper disclosure of AO's proprietary cost data gives competitors an advantage and is damaging to AO's competitive position.

  (2)  A two-page cost summary from AO's April 30, 2008 proposal that purportedly demonstrates the relationship between the improperly disclosed AO proprietary cost information and AO's actual submitted pricing information.

  (3)  RFP Amendments 0005-0007 with attachments, which relate to the post-protest release of AO's current wage and fringe benefit information under AO's current Collective Bargaining Agreements, and which allegedly exacerbate the competitive harm that the Army caused to the procurement and AO due to the improper disclosure of AO's proprietary cost information.

  The Court may allow supplementation of the Administrative Record, at its discretion, in limited circumstances. See Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1338 (Fed. Cir. 2001) (finding supplementation permissible where "required for meaningful judicial review"); see also Cubic Applications, Inc. v. United States, 37 Fed. Cl. 339, 342 (1997) (adopting list of limited circumstances where supplementation may be allowed). In general, the Court will supplement the administrative record when it is necessary for a full and complete understanding of the issues. Blue & Gold Fleet, LP v. United States, 70 Fed. Cl. 487, 494 (2006); see also Impresa, 238 F.3d at 1338-39 (ordering supplementation with contracting officer's deposition testimony to fill gaps concerning factors agency considered in reaching decision); Rig Masters, Inc. v. United States, 70 Fed Cl. 413, 424 (2006) (permitting supplementation to assist the Court in understanding an agency decision); Stapp Towing, Inc. v. United States, 34 Fed. Cl. 300, 308 (1995) (allowing supplementation when the agency failed to consider factors relevant to its final decision). Otherwise, the Court must confine its review to the administrative record already in existence. Camp v. Pitts, 411 U.S. 138, 142 (1973); Cubic Applications, 37 Fed. Cl. at 342 ("The court's inquiry is therefore based on an examination of the 'whole record' before the agency; that is, all the material that was developed and considered by the agency in making its decision.").

  Defendant opposes AO's motion on the basis that the proposed documents did not exist at the time the Contracting Officer issued her February 22, 2008 decision to continue with the Solicitation, and, therefore, they do not address the reasonableness of her decision. Putting aside the fact that Defendant included other materials in the Administrative Record that post-date the Contracting Officer's decision, see e.g., AR 756-887, the Court cannot agree with Defendant's temporal argument because AO's protest is not limited to the Contracting Officer's February 22, 2008 decision. As AO states in its motion, "Plaintiff's protest contests the Agency's decision to *continue with the procurement* under the circumstances present, not merely the issuance of the Solicitation. The Agency's refusal to take meaningful remedial action to address the damage to the integrity of the procurement

process and AO is a *continuing violation* of [the Competition in Contracting Act]." Pl.'s Mot. at 6 (emphasis added). See also Complaint at 2 (challenging the "Agency's issuance of the Solicitations," and its "decision to proceed with the Procurement under these circumstances . . . ."); Pl.'s Reply at 5 (arguing that the Army's erroneous decision "remains a continuing violation today" that the Army "still [has] the opportunity to correct"). Consequently, AO's protest is distinguishable from the situation where a post-award protester seeks to supplement the record with materials created after the award date. See e.g., Precision Standard, Inc. v. United States, 69 Fed. Cl. 738 (2006).

For good cause shown, American Ordnance's Motion to Supplement the Administrative Record is GRANTED. The Clerk shall allow the filing of Plaintiff's supplemental documents to the Administrative Record marked as Plaintiff's Appendix 013-320. The Court, however, is mindful of the problem presented by reviewing evidence that the Contracting Officer did not have on February 22, 2008, when she decided to continue with the Solicitation. Therefore, pursuant to Rule 52.2, the Court REMANDS the case to the Army with instructions that within 30 days, on or before July 2, 2008, the Contracting Officer review the Record as supplemented, and provide the Court with a reasoned determination of the issues raised in Plaintiff's Complaint, including the documents allowed by this Order as a supplement to the Administrative Record. This time period will not be extended absent a showing of unforeseen and extraordinary circumstances. Pursuant to Defendant's request during the May 28, 2008 telephone conference with counsel, the Court also will allow two additional documents, AR pages 909-912, to become part of the Administrative Record. Counsel for the parties shall suspend briefing on the parties' cross motions for judgment on the administrative record pending further notice from the Court.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge